UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
XIN HENGDA IMP & EXP CO., LTD.
*Plaintiff*,

Case No.:
VERIFIED COMPLAINT

v.

MYSTIQUE APPAREL GROUP, INC.
A New York corporation, ISAAC LEVY *a.k.a.* IKE LEVY,
Having a place of business at:
209 West 40th Street, 6th Floor, New York, NY 10018, and
STERLING NATIONAL BANK, as assignee of Sterling Factors Corporation,
*Defendants*.
------------------------------------------------------------X

[RECEIVED MAY 20 2014 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, by this civil Complaint, alleges the following for relief:

## PARTIES

1.  Plaintiff, Xin Hengda Imp & Exp Co., Ltd, ("Xin Hengda") is a manufacturer and a registered corporation in P.R. China.

2.  Defendant, Mystique Apparel Group, Inc. ("Mystique Apparel") is a corporation incorporated and existing under the laws of the State of New York. Previously it had a headquarter office for business operation at: 1410 Broadway, Suite 2501, New York, NY 10018; later it moved to: 209 West 40th Street, 6th Floor, New York, NY 10018.

3.  Defendant, Isaac Levy *a.k.a.* Ike Levy ("Mr. Levy") is principal, sole shareholder and President/CEO of Mystique Apparel; among other things, by a form of writing intended to be confession of money judgment Mr. Levy admitted that he was personally liable. *See* Exhibit A: A Note Written by Mr. Levy ("I Ike Levy owe to [Plaintiff,] XIN HENGDA IMPORT

1

EXPORT CO[,] LTD. $1,600,000. []"). Upon information and belief, Mr. Levy keeps a residence at: 1958 East 14th Street, Brooklyn, NY 11229.

4. Defendant, Sterling National Bank is an assignee of Sterling Factors Corporation, party to certain Loan documents and Guaranty with Defendants, Mystique Apparel and Mr. Levy. Upon information and belief, on or about October 1, 2011, Sterling Factors Corporation assigned all of its right, title and interest in and to such Loan documents and Guaranty to Sterling National Bank. More important and based on the same, Sterling National Bank asserted ownership, a security interest and/or lien in and upon and/or seized all Collateral including all of Defendants, namely, Mystique Apparel and Mr. Levy's property, and that it has obtained a restraining order by an Order to Show Cause ("OSC") dated March 4, 2014. *See* Exhibit B: OSC entered by Judge Jeffrey K. Oing, matter of Sterling National Bank v. Mystique Apparel, et al., dated March 4, 2014.

## JURISDICTION AND VENUE

5. The district Court in S.D.N.Y. has subject matter jurisdiction in this case, due to complete diversity of citizenship pursuant to 28 U.S.C. §1332(a).

6. Venue is proper, for Defendants either reside or maintain their corporate headquarter office in Manhattan, New York. 28 U.S.C. §1391(a) *et seq.* A substantial part of the events (or omission), if not all of the same, giving rise to the claims and causes of action stated herein occurred within this judicial district.

## FIRST CAUSE OF ACTION
### (An Action for Trade Contract Price Under U.C.C. §2-709(1)(a), Together With Pre-judgment Interest, Costs, Incidental and Consequential Damages)

7. From on or about January 13th, 2012 to November 16th, 2013, Defendants Mystique Apparel and Mr. Levy placed Purchase Orders with Plaintiff, for specified goods, i.e. garment and woven jacket, in various size, color, and quantity specifications, for an aggregate trade price of $2,532,123.28, due and payable upon tender and delivery.

8. Upon receipt of said Purchase Orders, Plaintiff, immediately without delay, manufactured, arranged shipment, timely and satisfactorily tendered and delivered conforming goods pursuant to Purchase Orders and Defendants' requirements.

9. No rejection by any ways or means was made, and all the goods were duly accepted, retained and/or resold by Defendants for a profit.

10. All the goods were specifically made pursuant to Defendants, Mystique and Mr. Levy's Purchase Orders and other requirements with superior, if not first rate, manufacturing quality and workmanship, and identified to the underlying international trade contract between Plaintiff, as seller, and Defendants with their respective descriptions stated in Purchase Orders, invoices, Parking List and shipping documents.

11. No seller's warranty of any kind, express or implied, affirmation, or promise was made, or otherwise requested, solicited or demanded by Defendants. All the goods in question passed without any objection in the trade, having superior, if not first rate, manufacturing quality and workmanship within its description, and were fit for its particular purpose and intendment. And, the trade goods in question were timely, diligently and meticulously made pursuant to the Purchase Order specifications, and were adequately packaged, contained, labeled and confirmed

to the promise or affirmation of fact, if any, made on their respective containers, packages and/or packing cartons.

12. The trade contract price is due and payable, at minimum, upon tender and delivery of goods to Defendants Mystique Apparel and Mr. Levy, as dated in respective Invoices.

13. Per usual and customary commercial practice, invoices and other documents of title including especially one full set of copies of non-negotiable shipping documents have been sent directly and/or forwarded to Defendants Mystique Apparel and Mr. Levy.

14. Defendants, by Mystique Apparel and/or Mr. Levy's personal bank account(s), made a partial payment in the process. On March 5th, 2014, Plaintiff issued and served a formal Letter Notice & Demand for Payment of Trade Price, etc., for unpaid balance of trade price of $1,618,578.04. *See* Exhibit C: Letter Notice & Demand for Payment of Trade Price, etc., dated March 5th, 2014.

15. For knowing, willful and bad faith refusal to pay the trade price balance due for the goods duly accepted, Defendants Mystique and Mr. Levy are liable for said unpaid trade price balance in the amount of $1,618,578.04, due and payable upon respective tender and delivery date, together with pre-judgment interest, costs and expenses, and Plaintiff's incidental and consequential damages.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

16. Plaintiff repeats and restates above allegations as if they are fully set forth herein.

17. Notwithstanding and in spite of Plaintiff's timely, diligent and satisfactory performance pursuant to the applicable terms of the international trade contract and Defendants Mystique Apparel and Mr. Levy's requirements, Defendants broke their side of the bargain.

18. For their failure to pay and settle upon at the contract price all the remaining balance for the goods duly accepted, Defendants knowingly, willfully and maliciously breached said international trade contract with Plaintiff.

19. Further, caused by Defendants' breach, Plaintiff suffered additional damages including but not limited to loss of cash flow liquidity, credit and business opportunities.

20. As a result of their knowing, willful and malicious breach, Defendants Mystique Apparel and Mr. Levy are liable for said unpaid trade price balance of $1,618,578.04, together with pre-judgment interest, costs and expenses, and Plaintiff's additional damages.


## THIRD CAUSE OF ACTION
### (Account Stated)

21. Plaintiff repeats and restates above allegations as if they are fully set forth herein.

22. Plaintiff, in the course of its normal business practice, regularly and formally sent written commercial Invoices to its customers, including Defendants Mystique Apparel and Mr. Levy, setting forth international trade contract price it agreed to undertake, any chargeable costs and expenses, together with a brief description, unit price and quantity of the goods so ordered. *See* Exhibit D: Commercial Invoices, dated January 13th, 2012, No. HNHD00076, etc.

23. Having been duly served with written invoices from Plaintiff, Defendants Mystique Apparel and Mr. Levy retained, accepted and took possession of the goods in question in full satisfaction without issuing any timely, effectively and/or substantively justifiable objection.

24. By reason of the foregoing, a full, just and true account has been made and stated between Plaintiff and Defendant, as merchants.

25. Defendants nonetheless knowingly, willfully and maliciously dishonored Plaintiff's presentment of its invoices, leaving the same unsatisfied without any cause.

26. Therefore, it is now justly due and owing to Plaintiff from Defendants Mystique Apparel and Mr. Levy, at minimum, unpaid trade price balance of $1,618,578.04, together with pre-judgment interest, costs and expenses, and Plaintiff's additional damages.

**FOURTH CAUSE OF ACTION**
**(Restitution as Remedy for Unjust Enrichment)**

27. Plaintiff repeats and restates above allegations as if they are fully set forth herein.

28. To induce Plaintiff's agreement to undertake and perform on the Sales Contract, manufacture, tender and make delivery of the goods in question, Defendants Mystique Apparel and Mr. Levy, knowingly made explicit promise, representation and pledge of contractual performance to Plaintiff.

29. However, said promise, representation and pledge of performance were false, fraudulent and made in bad faith; they were uttered against Defendants' actual intent and to induce Plaintiff's trust, reliance and agreement.

30. Justifiably relying, in good faith, upon Defendants' promise, representation and pledge of performance, Plaintiff timely, diligently and satisfactorily performed its part of the Sales Contract for the benefit of Defendants.

31. Nonetheless, by flouting their duties and obligations to make payment of trade price, breaching applicable terms of the international trade contract, dishonoring invoices presented and duly served, and by negotiating with Plaintiff in bad faith, Defendants illegally, unlawfully and unjustly enriched themselves at the expense of Plaintiff, at minimum, unpaid trade price balance of $1,618,578.04, together with pre-judgment interest, costs and expenses, and Plaintiff's additional damages.

32. Further, Plaintiff shall recover from Defendants including but not limited to all Defendants named, listed and sued herein, all such other monies and benefit obtained at its expense.

WHEREFORE: For above reasons, Plaintiff by its attorneys prays for judgment and order against Defendants, on claim(s) and cause(s) of action as applicable:

*i.* First Cause of Action: For knowing, willful and bad faith refusal to pay the trade price balance due for all the goods accepted, Defendants Mystique and Mr. Levy are liable for said unpaid trade price balance in the amount of $1,618,578.04, due and payable upon respective tender and delivery date, together with pre-judgment interest, costs and expenses, and Plaintiff's incidental and consequential damages;

*ii.* Second Cause of Action: As a result of their knowing, willful and malicious breach, Defendants Mystique Apparel and Mr. Levy are liable for said unpaid

trade price balance of $1,618,578.04, together with pre-judgment interest, costs and expenses, and Plaintiff's additional damages;

iii. Third Cause of Action: An account has been lawfully stated by and between the merchants; therefore, it is now justly due and owing to Plaintiff from Defendants Mystique Apparel and Mr. Levy, at minimum, unpaid trade price balance of $1,618,578.04, together with pre-judgment interest, costs and expenses, and Plaintiff's additional damages;

iv. Fourth Cause of Action: Plaintiff shall recover from Defendants including but not limited to all Defendants named, listed and sued herein, all such monies and benefit obtained at its expense, including especially unpaid trade price balance of $1,618,578.04, together with pre-judgment interest, costs and expenses, and Plaintiff's additional damages;

v. Any further just, appropriate and/or equitable relief.

Dated: New York, NY
May 20th, 2014

LAW OFFICE OF FRANK XU, PLLC

By:
*Frank Xu* (signature)
Frank Xu, Esq.
40 Wall Street, Ste 3301
New York, NY 10005
Tel: 212/488-2580
Fax: 212/488-2584
*Attorneys for Plaintiff*
Xin Hengda Imp & Exp Co., Ltd.

## List of Exhibits

Exhibit A
A Note Written by Mr. Levy;

Exhibit B
OSC entered by Judge Jeffrey K. Oing, matter of Sterling National Bank v. Mystique Apparel, et al., dated March 4, 2014.

Exhibit C
Letter Notice & Demand for Payment of Trade Price, etc., dated March 5th, 2014;

Exhibit D
Commercial Invoices, dated January 13th, 2012, No. HNHD00076, etc.

## VERIFICATION

Li Zhang, being duly sworn under the penalty of perjury, deposes and says that:

I am the General Manger of the Plaintiff, namely, Xin Heng Da Imp & Exp Co., Ltd., in this civil action. I have read the above Complaint and other pleadings and know the content herein is true based on my own knowledge, except those matters stated upon information and belief, and as to those matters I believe them to be true.

Dated: *[signature: Li Zhang]*

Li Zhang, *as General Manager of*
Xin Heng Da Imp & Exp Co., Ltd.
399 West Ganjiang Road, Rm 406, Suzhou
Jiangsu Prov. P.R. China